Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Amy Chu, Bi-Tao Ng, Channy Bakst, Charo Nespral, Devorah Weiss, Diana Normatov, Edward Zarow, Eunyoung Chang, Wendy Hui, Jason Gatpandan, John Cucuzza, Kareema Craig, Lauren Wong, Peter H. Lee, Lisa Plaskett, Margaret Chu, Mary Jo Corso, Min-Tang Yeh, Qi Guo, Queenie Huang, Shiang Tien, Sophia Dong, Shira Spira, Suleyka Hernandez, Tova Frenkel, Wendie Benderly, Ysotte Ortega, Yuet Ngor-Margaret Lam, Adina Edelstein, Valia M. Patterson, Jesse McMurry, Qiu Jian, Susana Linker, Rachelle Lubin, Sharon Guo, Hailin Tchou, Jaely Ricciardi, *on behalf of themselves and others similarly situated,* | Civil Case No.: _____-cv-_____(___) |
| | |
| *Plaintiffs,* | **FLSA COLLECTIVE ACTION** |
| | **COMPLAINT** |
| -v- | |
| The Comprehensive Center, LLC. d/b/a Comprehensive Kids Developmental School a/k/a Comprehensive Evaluation Services, Comprehensive Staffing Solutions LLC., New York's Comprehensive Home Care Services, LLC, Grand Street Medicine & Rehabilitation, P.C. and Nathan Sklar, *jointly and severally,* | |
| | |
| *Defendants.* | |

1

**NATURE OF THE ACTION**

1.      Plaintiffs were all Special Education Itinerant Teachers (SEITs), clinicians, or healthcare service providers to children and adults with developmental problems. They worked for the Defendants at different intervals within the past eight years. However, during their entire period of their employment with Defendants they were paid late. In addition, at difference intervals from March to August 2016, Plaintiffs did not receive any wages at all from Defendants for the work they performed. Accordingly, Plaintiffs bring this action, on behalf of themselves and others similarly situated, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* for violations of minimum wage and late payment of wages. They assert the equivalent causes of action pursuant to the New York Labor Law ("NYLL"). Finally, Plaintiffs bring a cause of action for breach of contract.

2.      Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

**Federal Question Jurisdiction and Supplemental Jurisdiction**

3.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

4.      This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

5.      Venue is proper in the Southern District of New York under 8 U.S.C. §§1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### Plaintiffs

6.      Plaintiffs are all adult individuals residing in New York City.

7.      Plaintiffs are all covered employees within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL§ 190.

8.      Plaintiffs worked for Defendants at different intervals within the past eight years.

9.      Plaintiffs worked as Special Education Itinerant Teachers (SEITs), clinicians, or healthcare service providers for Defendants at their various establishments located at 101 Norfolk Street, New York, NY 10002 and 460 Grand Street, Ground Floor, New York, NY 10002.

10.     Their duties were to provide speech, occupational, physical and counseling therapies and other healthcare evaluations to adults and children with developmental problems

such as autism.

11.     Plaintiffs regularly handled goods in interstate commerce during their employment, such as books that were published out of state and distributed in New York.

12.     Plaintiffs were paid per evaluation on an hourly basis. Their rate of pay was ranging from $55 to $75 per hour, according to the agreement they had with Defendants.

13.     Plaintiffs kept track of their hours worked by filling out spreadsheets provided to them by the Defendants documenting their evaluations.

14.     Plaintiffs would then submit these spreadsheets to the Defendants and Defendants would pay them on a bi-weekly basis.

15.     However, during the entire period of their employment, Plaintiffs received their payment late. Sometimes, Plaintiffs would not receive their paychecks until two or three weeks after they were due, despite Plaintiffs' continuous reminders to Defendant Nathan Sklar.

16.     In addition, Plaintiffs did not receive any wages for the healthcare services they provided as part of their employment at various intervals between March 2016 and August 2016.

17.     Plaintiffs raised their concerns to Defendant Nathan Sklar on numerous occasions regarding their unpaid wages; however he never compensated them.

18.     Upon information and belief, while Defendants employed Plaintiffs, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiffs of such rights.

19.     Throughout the duration of their employment, Plaintiffs did not have any supervisory authority over any of Defendants' employees, nor did they exercise discretion or independent judgment with respect to matters of significance.

20.     Plaintiffs consented in writing to be parties to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

21.     Plaintiffs have personal knowledge of other employees of Defendants who were also not paid on time throughout their employment and did not receive any wages at various intervals between March 2016 and August 2016.

### 1) Amy Chu

22.     Plaintiff Amy Chu ("Chu") worked for Defendants from October 2008 to June 2016.

23.     Chu's rate of pay was $60 per hour.

24.     Chu has not been paid any wages in June 2016.

25.     She is owed a total of $2,100.00, amounting to 35 hours of work.

### 2) Bi-Tao Ng

26.     Plaintiff Bi-Tao Ng, ("Ng") worked for Defendants from December 2012 to August 2016.

27.     Ng's rate of pay was initially $75 per hour, but in March 2016, it was lowered to $65 per hour.

28.     Ng has not been paid any wages from June 2016 to August 2016.

29.     She is owed a total of $18,720.00, amounting to 288 hours of work.

### 3) Channy Bakst

30.     Plaintiff Channy Bakst, ("Bakst") worked for Defendants from September 2012 to June 2016.

31.     Bakst's rate of pay was $60 per hour.

32.     Bakst has not been paid any wages in June 2016.

33.     She is owed a total of $660 amounting to 11 hours of work.

**4) Charo Nespral**

34.     Plaintiff Charo Nespral, ("Nespral") worked for Defendants from September 2010 to August 2016.

35.     Nespral's rate of pay was $63 per hour.

36.     Nespral has not been paid any wages from June 2016 to August 2016.

37.     She is owed a total of $5,040.00 amounting to 80 hours of work.

**5) Devorah Weiss**

38.     Plaintiff Devorah Weiss, ("Weiss") worked for Defendants from December 2009 to August 2016.

39.     Weiss's rate of pay was initially $65 per hour but then it was lowered to $60 per hour in March 2016.

40.     Weiss has not been paid any wages from June 2016 to August 2016.

41.     She is owed a total of $23,027.00 amounting to 351 hours of work.

**6) Diana Normatov**

42.     Plaintiff Diana Normatov, ("Normatov") worked for Defendants from February 2008 to June 2016.

43.     Normatov's rate of pay was $60 per hour.

44.     Normatov has not been paid any wages from June 2016 to August 2016.

45.     She is owed a total of $3,600.00, amounting to 60 hours of work.

**7) Edward Zarow**

46.     Plaintiff Edward Zarow, ("Zarow") worked for Defendants from April 2008 to August 2016.

47.     Zarow's rate of pay was $60 per hour.

48.     Zarow has not been paid any wages from June 2016 to August 2016.

49.     He is owed a total of $3,000.00, amounting to 50 hours of work.

**8) Eunyoung Chang**

50.     Plaintiff Eunyoung Chang, ("Chang") worked for Defendants from September 2013 to September 2016.

51.     Chang's rate of pay was initially $75 per hour, but it was lowered in March 2016 to $65 per hour.

52.     Chang has not been paid any wages from June 2016 to August 2016.

53.     She is owed a total of $13,130.00, amounting to 202 hours of work.

**9) Wendy Hui**

54.     Plaintiff Wendy Hui, ("Hui") worked for Defendants from September 2012 to September 2016.

55.     Hui's rate of pay was initially $75 per hour, but it was lowered in March 2016 to $65 per hour.

56.     Hui has not been paid any wages from June 2016 to August 2016.

57.     She is owed a total of $9,945.00, amounting to 153 hours of work.

**10) Jason Gatpandan**

58.     Plaintiff Jason Gatpandan, ("Gatpandan") worked for Defendants from September 2008 to August 2016.

59.     Gatpandan's rate of pay was $70 per hour.

60.     Gatpandan has not been paid any wages from June 2016 to August 2016.

61.     He is owed a total of $6,685.00, amounting to 95 hours of work.

**11) John Cucuzza**

62.     Plaintiff John Cucuzza, ("Cucuzza") worked for Defendants from February 2014 to July 2016.

63.     Cucuzza's rate of pay was $60 per hour.

64.     Cucuzza has not been paid any wages from June 2016 to July 2016.

65.     He is owed a total of $4,500.00, amounting to 75 hours of work.

**12) Kareema Craig**

66.     Plaintiff Kareema Craig, ("Craig") worked for Defendants from January 2009 to August 2016.

67.     Craig's rate of pay was $68 per hour then it was lowered to $60 per hour in March 2016.

68.     Craig has not been paid any wages from June 2016 to September 2016.

69.     She is owed a total of $8,640.00, amounting to 144 hours of work.

**13) Lauren Wong**

70.     Plaintiff Lauren Wong, ("Wong") worked for Defendants from December 2013 to September 2016.

71.     Wong's rate of pay was $60 per hour.

72.     Wong has not been paid any wages from June 2016 to July 2016.

73.     She is owed a total of $4,290.00, amounting to 71.5 hours of work.

**14) Peter H. Lee**

74.     Plaintiff Peter H. Lee, ("Lee") worked for Defendants from September 2013 to July 2016.

75.     Lee's rate of pay was $68 per hour.

76.     Lee has not been paid any wages from June 2016 to August 2016.

77.     He is owed a total of $5,576.00, amounting to 82 hours of work.

**15) Lisa Plaskett**

78.     Plaintiff Lisa Plaskett, ("Plaskett") worked for Defendants from January 2014 to August 2016.

79.     Plaskett's rate of pay was $57 per hour and was then lowered to $55 per hour in March 2016.

80.     Plaskett has not been paid any wages from June 2016 to August 2016.

81.     She is owed a total of $7,562.50, amounting to 137 hours of work.

**16) Margaret Chu**

82.     Plaintiff Margaret Chu, ("Chu") worked for Defendants from September 2009 to August 2016.

83.     Chu's rate of pay was $60 per hour.

84.     Chu has not been paid any wages from June 2016 to August 2016.

85.     She is owed a total of $5,760.00, amounting to 92 hours of work.

**17) Mary Jo Corso**

86.     Plaintiff Mary Jo Corso, ("Corso") worked for Defendants from March 2009 to June 2016.

87.     Corso's rate of pay was $70 per hour.

88.     Corso has not been paid any wages from May 2016 to June 2016.

89.     She is owed a total of $9,870.00, amounting to 141 hours of work.

**18) Min-Tang Yeh**

90.     Plaintiff Min-Tang Yeh, ("Yeh") worked for Defendants from February 2013 to

June 2016.

91.     Yeh's rate of pay was $68 per hour.

92.     Yeh has not been paid any wages in June 2016.

93.     She is owed a total of $6,052.00, amounting to 89 hours of work.

**19) Qi Guo**

94.     Plaintiff Qi Guo, ("Guo") worked for Defendants from February 2016 to August 2016.

95.     Guo's rate of pay was $65 per hour.

96.     Guo has not been paid any wages from June 2016 to July 2016.

97.     She is owed a total of $4,290.00, amounting to 66 hours of work.

**20) Queenie Huang**

98.     Plaintiff Queenie Huang, ("Huang") worked for Defendants from June 2011to August 2016.

99.     Huang's rate of pay was $65 per hour.

100.    Huang has not been paid any wages in June 2016 and July 2016.

101.    She is owed a total of $2,145.00, amounting to 33 hours of work.

**21) Sophia Dong**

102.    Plaintiff Sophia Dong, ("Dong") worked for Defendants from November 2012 2016 to August 2016.

103.    Dong's rate of pay was $65 per hour.

104.    Dong has not been paid any wages from June 2016 to August 2016.

105.    She is owed a total of $18,460.00, amounting to 284 hours of work.

**22) Shira Spira**

106.    Plaintiff Shira Spira, ("Spira") worked for Defendants from September 2011 to June 2016.

107.    Spira's rate of pay was $60 per hour.

108.    Spira has not been paid any wages from June 2016 to August 2016.

109.    She is owed a total of $1,080.00, amounting to 18 hours of work.

**23) Suleyka Hernandez**

110.    Plaintiff Suleyka Hernandez, ("Hernandez") worked for Defendants from December 2015 to June 2016.

111.    Hernandez's rate of pay was $65 per hour.

112.    Hernandez has not been paid any wages throughout June 2016.

113.    She is owed a total of $4,192.50, amounting to 64.5 hours of work.

**24) Tova Frenkel**

114.    Plaintiff Tova Frenkel, ("Frenkel") worked for Defendants from December 2011 to August 2016.

115.    Frenkel's rate of pay was $57 per hour.

116.    Frenkel has not been paid any wages from June 2016 to August 2016.

117.    She is owed a total of $8,493.00, amounting to 149 hours of work.

**25) Wendie Benderly**

118.    Plaintiff Wendie Benderly, ("Benderly") worked for Defendants from December 2009 to August 2016.

119.    Benderly's rate of pay was $65 per hour.

120.    Benderly has not been paid any wages from June 2016 to August 2016.

121.     She is owed a total of $11,147.50, amounting to 171.5 hours of work.

**26) Ysotte Ortega**

122.     Plaintiff Ysotte Ortega, ("Ortega") worked for Defendants from April 2008 to August 2016.

123.     Ortega's rate of pay was $65 per hour.

124.     Ortega has not been paid any wages from June 2016 to August 2016.

125.     She is owed a total of $13,780.00, amounting to 212 hours of work.

**27) Yuet Ngor (Margaret) Lam**

126.     Plaintiff Yuet Ngor (Margaret) Lam, ("Lam") worked for Defendants from September 2012 to June 2016.

127.     Lam's rate of pay was $65 per hour.

128.     Lam has not been paid any wages in June 2016.

129.     She is owed a total of $2,502.50, amounting to 38.5 hours of work.

**28) Adina Edelstein**

130.     Plaintiff Adina Edelstein,  ("Edelstein") worked for Defendants from January 2016 to June 2016.

131.     Edelstein's rate of pay was $60 per hour.

132.     Edelstein has not been paid any wages in June 2016.

133.     She is owed a total of $1,500.00, amounting to 25 hours of work.

**29) Valia Patterson**

134.     Plaintiff Valia Patterson,  ("Patterson") worked for Defendants from July 2008 to August 2016.

135.     Patterson's rate of pay was $70 per hour.

136.    Patterson has not been paid any wages in July 2016 and August 2016.

137.    She is owed a total of $3,850.00, amounting to 55 hours of work.

**30) Jesse McMurry**

138.    Plaintiff Jesse McMurry,  ("McMurry") worked for Defendants from November 2008 to August 2016.

139.    McMurry rate of pay was $68 per hour, then it was lowered to $60 per hour in April 2016.

140.    McMurry has not been paid any wages from June 2016 to August 2016.

141.    McMurry is owed a total of $6,370.00, amounting to 106.1 hours of work.

**31) Qiu Jian**

142.    Plaintiff Qiu Jian, ("Jian") worked for Defendants from October 2011 to August 2016.

143.    Jian's rate of pay was $65 per hour.

144.    Jian has not been paid any wages from June 2016 to August 2016.

145.    Jian is owed a total of $18,200.00, amounting to a total of 280 hours.

**32) Susana Linker**

146.    Plaintiff Susana Linker,  ("Linker") worked for Defendants from April 2011 to May 2016.

147.    Linker's rate of pay was $225 per evaluation.

148.    Linker has not been paid any wages for the total 13 evaluations she conducted.

149.    She is owed a total of $2,925.00, amounting to 13 total evaluations.

**33) Rachelle Lubin**

150.    Plaintiff Rachelle Lubin,  ("Lubin") worked for Defendants from March 2014 to

August 2016.

151.   Lubin's rate of pay was $60 per hour.

152.   Lubin has not been paid any wages from June 2016 to August 2016.

153.   Lubin is owed a total of $6,570.00, amounting 109.5 total hours of work.

### 34) Sharon Guo

154.   Plaintiff Sharon Guo,  ("Guo") worked for Defendants from March 2015 to August 2016.

155.   Guo's rate of pay was $72.50 per hour.

156.   Guo has not been paid any wages from June 2016 to August 2016.

157.   Guo is owed a total of $7,493.00, amounting 115 total hours of work.

### 35) Hailin Tchou

158.   Plaintiff Hailin Tchou,  ("Tchou") worked for Defendants from November 2015 to August 2016.

159.   Tchou's rate of pay was $200, $215, $300, or $350, depending on the type of evaluation she conducted. Tchou was paid $200 per Social History Bilingual Evaluation, $215 per Education Bilingual, and $350 per Psychological Bilingual Evaluation.

160.   Tchou has not been paid any wages from March 2016 to June 2016.

161.   Tchou is owed a total of $27,669.00, amounting to 113 total evaluations.

### 36) Jaely Ricciardi

162.   Plaintiff Jaely Ricciardi, ("Ricciardi") worked for Defendants from 2010 to August 2016.

163.   Ricciardi's rate of pay was $150 per social evaluation, $200 per education evaluation, and $300 per psychological evaluation.

164.    Riccardi has not been paid any wages from March 2016 to April 2016.

165.    Riccardi is owed a total of $5,850.00, amounting to 42 total evaluations.

### 37) Shiang Tien

166.    Plaintiff Shiang Tien, ("Tien") worked for Defendants from July 2011 to August 2016.

167.    Tien's rate of pay was $65 per hour.

168.    Tien has not been paid any wages from June 2016 to August 2016.

169.    Tien is owed a total of $9,750.00.

### Defendants

170.    At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiffs, acted in the interest of each other with respect to Plaintiffs' and other employees' remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

   a.    Corporate Defendants all suffered or permitted Plaintiffs to work.

   b.    Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiffs and similarly situated employees.

   c.    Defendants each have an economic interest in the locations in which Plaintiffs and similarly situated employees worked.

   d.    Defendants all simultaneously benefitted from Plaintiffs' work.

   e.    Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiffs and similarly situated employees.

   f.    Plaintiffs and similarly situated employees performed work integral to each Corporate Defendant's operation.

171.     In the alternative, all Defendants functioned together as a single integrated employer of Plaintiffs within the meaning of the FLSA and NYLL.

172.     Upon information and belief, Corporate Defendants The Comprehensive Center, LLC., Comprehensive Staffing Solutions LLC., New York's Comprehensive Home Care Services, LLC, and Grand Street Medicine & Rehabilitation, P.C. are related entities and operate together as a single integrated enterprise. Specifically, all corporate Defendants are members of a group of companies known as "The Comprehensive Center Companies." The Comprehensive Center Companies have a number of subsidiaries and branch offices doing business under differing names in New York and California. Amongst these are the following:

1) Comprehensive Center for Rehabilitation;

2) Comprehensive Kids Developmental School;

3) New York's Comprehensive Home Care Services, LLC;

4) Comprehensive Evaluation Services;

5) Comprehensive Management MSO Inc.;

6) Comprehensive Staffing Solutions LLC;

7) Comprehensive Center Children's Therapy Services;

8) Grand Street Medicine and Rehabilitation P.C.;

9) Comprehensive Certified Home Health Services of Ca, LLC.; and

10) Comprehensive Staffing Solutions of California LLC.

173.     All the above subsidiaries and/or branch offices are situated at one of three locations. The first eight New York entities are located at 101 Norfolk Street, 3rd Floor, New York, NY 10002 and 460 Grand Street, Ground Floor, New York, NY 10002. The last two California entities are located at 1125 S Beverly Drive, Suite 425a, Los Angeles, CA 90035.

174.    Upon information and belief, The Comprehensive Center, LLC is the parent company of all the above entities.

175.    All the above entities are owned, managed and operated by the same Individual Defendant, Nathan Sklar.

176.    Employees working at any one of the above subsidiaries and/or branch locations are employees of all the Comprehensive Center companies collectively. See e.g. offers letter to Plaintiff Hailin Tchou annexed hereto as **Exhibit A**.

177.    Employees of the Comprehensive Center companies were treated as a pool of workers available to work at any one of the companies and/or departments.

178.    Upon information and belief, employees of all corporate Defendants perform very similar job duties, are subject to the same employment policies and practices, are directed and/or permitted by Defendants to perform work at both locations in New York; 101 Norfolk Street and 460 Grand Street.

**The Comprehensive Center, LLC**

179.    The Comprehensive Center, LLC ("Comprehensive") is a domestic corporation formed on April 21, 1999, organized and existing under the laws of the State of New York.

180.    Comprehensive's principal place of business is located at 101 Norfolk Street, New York, NY 10002.

181.    Comprehensive also has a branch office located at 460 Grand Street, Ground Floor, New York, NY 10002.

182.    Upon information and belief, Comprehensive Center LLC is the parent corporate of Comprehensive Staffing Solutions LLC., New York's Comprehensive Home Care Services, LLC, and Grand Street Medicine & Rehabilitation, P.C.

183.   Comprehensive Center, LLC is also doing business as Comprehensive Kids Developmental School, Comprehensive Evaluation Services and Comprehensive Center for Rehabilitation.

184.   All the above entities were set up to provide health-care services to children and adults with developmental problems, such as autism.

185.   At all relevant times, Comprehensive was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

186.   At all relevant times, Comprehensive maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll, and other employment practices that applied to them.

187.   At all times applicable, Plaintiffs were directly retained by Comprehensive and received their paychecks from Comprehensive for work they performed at any of Comprehensive's subsidiaries and/or branch locations.

188.   Upon information and belief, Comprehensive had more than 250 employees at any given time.

189.   At all relevant times, the duties performed by Plaintiffs for Comprehensive were integral to Comprehensive's operations and the operations of its subsidiaries.

190.   Upon information and belief, Comprehensive knew or should have known of all the unpaid wages due to Plaintiffs regardless of the particular entity in which they worked; and had the power to stop the work and/or the violations, but did not do so.

191.   Upon information and belief, Comprehensive had the authority to audit all employment records of all corporate Defendants and exercise control over the accuracy of the hours and wages of Plaintiffs.

192.     Comprehensive had the power to induce compliance with applicable wage and hour laws by threatening to terminate its relationship with all its subsidiaries, including all other Corporate Defendants.

193.     At all relevant times, Comprehensive was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling goods such as books that were published out of state and distributed in New York. In addition, Comprehensive had subsidiaries in California, - namely Comprehensive Certified Home Health Services of Ca, LLC and Comprehensive Staffing Solutions of California LLC. - conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

194.     Upon information and belief, at all relevant times, Comprehensive's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**Comprehensive Staffing Solutions, LLC**

195.     Comprehensive Staffing Solutions, LLC ("Comprehensive Staffing") is a domestic limited liability company formed on April 5, 2006, organized and existing under the laws of the State of New York.

196.     Upon information and belief, Comprehensive Staffing is a wholly-owned subsidiary of The Comprehensive Center, LLC.

197.     Comprehensive Staffing's principal place of business is located at 101 Norfolk Street, New York, NY 10002.

198.     At all relevant times, Comprehensive Staffing was a covered employer within

the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

199.   At all relevant times, Comprehensive Staffing has maintained formal and/or functional control, oversight, and direction over the Plaintiffs.

200.   Upon information and belief, Comprehensive Staffing recruited personnel to work for The Comprehensive Center Companies and all its subsidiaries in New York City.

201.   Upon information and belief, Comprehensive Staffing determined the turnaround time for tasks performed by Plaintiffs and their workloads.

202.   Upon information and belief, Comprehensive Staffing directly and/or indirectly set Plaintiffs' hours of work and pay rates through its terms of agreement with The Comprehensive Center, LLC.

203.   At all relevant times, Comprehensive Staffing is "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

204.   Upon information and belief, at all relevant times, Comprehensive Staffing's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the alternative, Comprehensive Staffing is part of an enterprise - The Comprehensive Center Companies - which generates annual gross volume of sales of not less than $500,000.

**New York's Comprehensive Home Care Services, LLC**

205.   New York's Comprehensive Home Care Services, LLC ("Comprehensive Home Care") is a domestic limited liability company formed on April 5, 2006, organized and existing under the laws of the State of New York.

206.   Upon information and belief, Comprehensive Home Care is a wholly-owned subsidiary of The Comprehensive Center, LLC.

207.     Comprehensive Home Care's principal place of business is located at 101 Norfolk Street, New York, NY 10002.

208.     At all relevant times, Comprehensive Home Care was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

209.     At all relevant times, Comprehensive Home Care has maintained formal and/or functional control, oversight, and direction over the Plaintiffs.

210.     Upon information and belief, Comprehensive Home Care provided home health care services to elderly individuals pursuant to its agreement with The Comprehensive Center, LLC.

211.     Upon information and belief, Comprehensive Home Care directly and/or indirectly set Plaintiffs' hours of work and pay rates through its terms of agreement with The Comprehensive Center, LLC.

212.     At all relevant times, Comprehensive Home Care is "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

213.     Upon information and belief, at all relevant times, Comprehensive Home Care's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the alternative, Comprehensive Home Care is part of an enterprise - The Comprehensive Center Companies - which generates annual gross volume of sales of not less than $500,000.

**Grand Street Medicine & Rehabilitation, P.C.**

214.     Grand Street Medicine & Rehabilitation, P.C. ("Grand Street Medicine") is a domestic corporation formed on November 8, 2002, organized and existing under the laws of the State of New York.

215.   Upon information and belief, Grand Street Medicine is a wholly-owned subsidiary of The Comprehensive Center, LLC.

216.   Grand Street Medicine's principal place of business is located at 460 Grand Street, New York, NY 10002.

217.   At all relevant times, Grand Street Medicine was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

218.   At all relevant times, Grand Street Medicine has maintained formal and/or functional control, oversight, and direction over the Plaintiffs.

219.   Upon information and belief, Grand Street Medicine provided outpatient occupational physical therapy services pursuant to its agreement with The Comprehensive Center, LLC.

220.   Upon information and belief, Grand Street Medicine directly and/or indirectly set Plaintiffs' hours of work and pay rates through its terms of agreement with The Comprehensive Center, LLC.

221.   At all relevant times, Grand Street Medicine is "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

222.   Upon information and belief, at all relevant times, Grand Street Medicine's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the alternative, Grand Street Medicine is part of an enterprise - The Comprehensive Center Companies - which generates annual gross volume of sales of not less than $500,000.

**(Individual Defendant)**

**Nathan Sklar**

223.    Upon information and belief, at all relevant times, Nathan Sklar ("Sklar") was, at the time of Plaintiffs' employment owner, principal, authorized operator, manager, shareholder and agent of all corporate Defendants.

224.    At all relevant times throughout Plaintiffs' employment, Sklar had the discretionary power to create and enforce personnel decision on behalf of all Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedule; instructing and supervising Plaintiffs; and/or otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

225.    At all relevant times throughout Plaintiffs' employment, Sklar was involved in the day-to-day operations of all Corporate Defendants.

226.    At all relevant times throughout Plaintiffs' employment, Sklar was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).


**COLLECTIVE ACTION ALLEGATIONS**

227.    Pursuant to 29 U.S.C. §§ 203, 206, and 216(b), Plaintiffs bring their First and Second claims as a collective action under the FLSA on behalf of themselves and the following collective:

All persons employed by The Comprehensive Center Companies - including The Comprehensive Center, LLC and all its subsidiaries and/or branch offices in New York, including but not limited to the Comprehensive Kids Developmental School, Comprehensive Evaluation Services, Comprehensive Staffing Solutions LLC., New York's Comprehensive Home Care Services, LLC, Grand Street Medicine & Rehabilitation, P.C., the Comprehensive Center for Rehabilitation and the Comprehensive Center Children's Therapy Services - since October 13, 2013, and through the entry of judgment in this case who work/worked as SEITs, clinicians or other healthcare service providers (the "Collective Action Members").

228.   A collective action is appropriate in these circumstances because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of continuously failing to pay employees on time and not paying them at all for work performed over the course of several months.

229.   Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure. In particular, they are/were all considered employees of the Comprehensive Center Companies and provide/provided healthcare services to individuals with developmental problems.

230.   The claims of Plaintiffs stated herein are similar to those of the other employees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST CAUSE OF ACTION**

**Fair Labor Standards Act – Minimum Wages**

231.    Plaintiffs, on behalf of themselves and the Collective Action Members, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

232.    At all relevant times, Plaintiffs and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

233.    At all times relevant, Defendants have been employers of Plaintiffs and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

234.    Defendants were required to pay directly to Plaintiffs, and the Collective Action Members, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

235.    Defendants failed to pay Plaintiffs, and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

236.    For several months, Plaintiffs and the Collective Action Members, performed work for which they were not paid at all by the Defendants, despite their continuous reminders to them.

237.    As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

238.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

239.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the Collective Action Members.

240.    Defendants failed to post or keep posted conspicuous notices of Plaintiffs' rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

241.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Late payment of wages

242.    Plaintiffs, on behalf of themselves and the Collective Action Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

243.    The FLSA, 29 U.S.C. § 206(a), the supporting Federal regulations including but not limited to 29 C.F.R. §§ 553.224, 778.106, and 790.21 and its interpreting case law including *Rogers v. City of Troy, N.Y.,* 148 F.3d 52, 55 (2d Cir. 1998) require employers to pay employees their wages promptly.

244.    In particular, Defendants were required to establish a fixed work period with respect to the payment of Plaintiffs and the Collective Action Members and to pay them on the

regular pay day for the period in which the workweek ended and, in no event, delay compensation for a period longer than reasonably necessary.

245.   Defendants have violated the FLSA, 29 U.S.C. 206(a) and the supporting federal regulations by consistently and repeatedly failing to pay Plaintiffs and the Collective Action Members their wages at the regular pay day as required.

246.   Defendants' violation of the FLSA was willful and intentional since Plaintiffs and the Collective Action Members had repeatedly addressed the issue of delayed payments to Defendants on multiple occasions.

247.   Due to Defendants' failure to pay Plaintiffs and the Collective Action Members their required compensation for any workweek at the regular pay day, Plaintiffs have suffered damages and are entitled to an amount of liquidated damages equal to the amount of the late payments, as well as, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### **THIRD CAUSE OF ACTION**

### **New York Labor Law – Minimum Wages**

248.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

249.   Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

250.   At all relevant times referenced herein, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

251.   The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs.

252.    From 2010 to December 30, 2013, the minimum hourly wage in the State of New York was $7.25, from December 31, 2013 to December 30, 2014, the minimum hourly wage was $8.00, from December 31, 2014, to December 30, 2015, the minimum hourly wage was $8.75, and from December 31, 2015 onwards, the minimum hourly wage in the State of New York is $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1.

253.    Defendants were required to pay Plaintiffs no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.1.

254.    Through their knowing and intentional failure to pay minimum hourly wages to Plaintiffs for several months during their employment with Defendants, Defendants have violated the NYLL Article 19, §§ 650 *et seq.*, and 12 N.Y.C.R.R. Part 142-2.1.

255.    Defendants also failed to post conspicuous notices of the Plaintiffs' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

256.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of NYLL § 663.

257.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

**FOURTH CAUSE OF ACTION**

**New York Labor Law- Late Payment of wages**

258.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

259.    Defendants were required to pay Plaintiffs bi-weekly in accordance with the agreed upon terms of their employment, and in any event not less frequently than semi-monthly, on regular pay days designated in advance by Defendants pursuant to NYLL § 191(d).

260.    Defendants have violated NYLL § 191(d) by consistently and repeatedly failing to pay Plaintiffs their wages at the agreed upon bi-weekly date as required.

261.    Defendants' violation of the NYLL was willful and intentional since Plaintiffs had repeatedly addressed the issue of delayed payments to Defendants on multiple occasions.

262.    Due to Defendants' failure to pay Plaintiffs their required compensation at the agreed upon bi-weekly date, Plaintiffs have suffered damages and are entitled to an amount of liquidated damages equal to the amount of the late payments, pre-judgment and post-judgment interest, attorneys' fees, and costs pursuant to NYLL § 198(1-a).

**FIFTH CAUSE OF ACTION**

**New York State Common Law - Breach of contract**

263.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

264.    An enforceable agreement existed between each Plaintiff and Defendants whereby Plaintiffs each agreed to perform health care evaluations for Defendants and, in turn, be remunerated at an agreed upon hourly rate per evaluation on a bi-weekly basis.

265.    Plaintiffs satisfactorily performed healthcare evaluations for Defendants thereby performing fully their obligations under their agreement with Defendants.

266.    Defendants did not remunerate Plaintiffs for the work they performed at the agreed upon hourly rate on a bi-weekly basis; Defendants instead either paid Plaintiffs late or did not pay Plaintiffs at all, thereby breaching their agreement.

267.    As a direct result of Defendants' breach, Plaintiffs sustained damages in an amount to be determined at trial based upon an accounting of the amount Plaintiffs should have been paid as contemplated by their employment agreement with Defendants, less amounts actually paid to Plaintiffs, with an award of interest, costs, disbursements, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

B.    An order tolling the statute of limitations;

C.    Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations;

D.    Unpaid minimum wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E.    Liquidated damages equal to the amount of all late payments received by Plaintiffs, pursuant to 29 U.S.C. § 216(b) and 29 C.F.R. § 790.21;

F.      Unpaid minimum wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

G.      Liquidated damages equal to the amount of all late payments received by Plaintiffs, pursuant to NYLL § 198 (1-a);

H.      Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

I.      Compensatory damages in an amount to be determined at trial based on Defendants' breach of contract;

J.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

K.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

L.      An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

M.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

N.      An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

O.      Such other relief as this Court shall deem just and proper.


Dated: Astoria, New York
           October 13, 2016

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By:     _/s/Ariadne Panagopoulou_____
Ariadne Panagopoulou (AP-2202)
*Attorneys for the Plaintiffs*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email:  ari@pnlawyers.com

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

      I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 09 / 12 /**2016**

_____
Signature

AMY CHU
Print

325 90th Street, Brooklyn, NY 11209
Address

(917) 816-8112
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 / 10 /2016

Signature

Bi Tao Betty Ng
Print

2179 65th Street apt. 5A    Brooklyn   NY   11204
Address

917 - 232 - 7737
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

  I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.


Dated: 9 / 4/2016


Channy Bakst
Signature

Channy Bakst
Print

785 Caffrey Avenue Far Rockaway NY 11691
Address

917·2250026
Telephone

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

## FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: _9_ / _17_/2016

_Charo Nespral_
Signature

_CHARO NESPRAL_
Print

_408 E. 10th St.  #4B      NY NY 10009_
Address

_646-675-7491_
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b). I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 /27/2016

Signature

Deborah weiss
Print

3512 Avenue L, Brooklyn NY 1120
Address

(718) 338 4676 or (917) 937-6706
Telephone

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b). I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9/12/2016

Signature

Diana Normato
Print

7925 150th St Apt D16, Flushing NY 11367
Address

917-291-1843
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

   I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 28/2016

_Edward J. Zarow_
Signature

Edward J. Zarow
Print

95 Christopher St. Apt 5-I
Address

(212) 807-7796 (home)
Telephone
(917) 921-9509

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 / 10 /2016

_____
Signature

Eunyoung Chang
_____
Print

40-27 172 St   Flushing   NY   11358
_____
Address

212-960-3613
_____
Telephone

eychang2002@yahoo.com

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

     I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.


Dated: 9 / 10 /2016



_____
Signature

_____
Print    Tung Hui

_____
Address   4529 Bedford Avenue, Brooklyn, NY  11235

_____
Telephone   917. 257-7965

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

       I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 09/ 12 /2016

_____
Signature

Jason GatPandan
Print

579 Washington Ave #20
Brooklyn, NY 11238
Address

347.528.9409
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b). I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 09 20 /2016

Signature

Print    John Cucuzzo

Address    574 4th Ave B'Klyn

Telephone    9176472238

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

   I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: <u>9</u> / <u>10</u>/**2016**

<u>Kareema Craig</u>
Signature

<u>Kareema Craig</u>
Print

<u>421 Rockaway Parkway</u>
Address <u>Valley Stream, New York 11580</u>

<u>(646) 591-6563</u>
Telephone

**NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)**

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b). I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 /20 /2016

Signature

Lauren Wong
Print

563 Soundview Ave Bronx NY 10473
Address

917-776-2333
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

       I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 /10/2016

_____
Signature

Peter H. Lee
Print

197-04 HORACE HARDING EXPY. APT. 3H  FRESH MEADOWS, N.Y 11365
Address

315.566.1032
Telephone

**NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)**

**<u>FAIR LABOR STANDARDS ACT CONSENT FORM</u>**

      I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: **9/14/2016**

_Lisa Plaskett (signature)_
_____
Signature

Lisa Plaskett
_____
Print

443 West 25th Street Apt 8B
_____
Address

917-856-2295
_____
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: _9/16_/2016

_Margret Chu_
Signature

_Margaret Chu_
Print

_275 South St. 18G_
Address

_N.Y.C N.Y. 10002_
Telephone

917 602 6921

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

     I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b). I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: _09_/_13_/**2016**

MaryJo Corso

_____
Print

_7312-14th Avenue Brooklyn, N.Y. 11278_
Address

_917-293-6461 (c) 718-236-1191 (H)_
Telephone

**NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)**

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated 09 / 10 /2016

_Min Tang Yeh_
Signature

_Min Tang Yeh_
Print

_16015 Laburnum Ave, Flushing, NY 11358_
Address

_917-215-5554 (cell)_
Telephone
_718-961-3360 (home)_

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

     I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 7 / 12 /2016

_____
Signature

Qi Guo
_____
Print

65 Knollwood Drive. Paramus NJ 07652
_____
Address

347-759-3403
_____
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: _09/ 12/2016_

_Queenie Huang_
Signature

_Queenie Huang_
Print

_103 Quentin Rd. B403, Brooklyn, NY 11223_
Address

_646-610-2331_
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.


Dated: 9 / 10 /2016



_Pei-hu Dong_
Signature

_Pei-hua Dong_
Print

_85-70  66Avenue  Rego Park  NY 11374_
Address

_718-570-1985_
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 / 14 /2016

Signature

Shira D. Spira
Print

227 Elizabeth Street
Inwood, NY 11096
Address

516-837-3228 / 646 250 5271
Telephone

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

## FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 /22/2016

_____
Signature

Suleyka Hernandez
Print

6908 138th Street #B, Kew Garden Hills, NY 11367
Address

(917) 515-7833
Telephone

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **The Comprehensive Center LLC**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b).  I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated:  9/28 /2016

_Tova Frenkel_
Signature

_Tova Frenkel_
Print

_76-41 174th Street, Flushing, NY 11366_
Address

_(917)232-4791_
Telephone

**NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)**

**FAIR LABOR STANDARDS ACT CONSENT FORM**

       I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: **9 / 16** /2016

*Wendie Bender*
Signature

*Wendie Benderly*
Print

1528 Point Breeze Place
Address

347-721-4952
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

  I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.


Dated: 09_/_14/2016



_____
Signature


_____Ysotte C Ortega Clerge___
Print


_2001 Kennedy Blvd North Bergen NJ 07047__
Address


_347-451-3731_____
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: _9 / 10_/2016

_____
Signature

_Yuet Ngor M. Lam_
Print

_1213 Ovington Avenue, Apt 3C,_
Address _Brooklyn, NY_
_646-267-0682_
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b). I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: <u>9</u> /<u>14</u> /**2016**

<u>A. Edelstein</u>
Signature

<u>Adina Edelstein</u>
Print

<u>748 Cornaga Ct. Far Rockaway N.Y. 11691</u>
Address

<u>347-860-4577</u>
Telephone

**NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. 216(b)**

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party plaintiff in a lawsuit against **The Comprehensive Center Companies** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b). I hereby designate Pardalis & Nohavicka LLP to represent me in such a lawsuit.


Dated:  9/12/2016

Astoria, New York


_Valia M. Patterson_

Signature


Valia M. Patterson

Print Name


32 Monroe Street, Apt. 12

New York, NY 10002

Address


347-581-4673

Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 / 10 /2016

_____
Signature

Jesse Mc Murry
_____
Print

259 57th St.
Brooklyn NY 11220
_____
Address

347-942-5693
_____
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

     I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 / 15 /2016

_____
Signature

JIAN QIU LIANG
_____
Print

1486 Gates Ave. 2F Brooklyn, NY 11237
_____
Address

917 517 3987
_____
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: _9 / 17 /2016_

_____
Signature

Susana Wan Linker
Print

2 South End Ave, #3T, NY, NY 10280
Address

(917) 488-8835
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

       I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.


Dated: 9 / 14 /2016



_____
Signature

Rachelle dubin
_____
Print

440 Mulberry Place
_____
Address

347-675-1091
_____
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

       I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9 /12 /2016

_____
Signature

_Shaomei Guo_
Print

Po Box 212
68 Montgomery St.
Jersey City, NJ 07302
Address

(201) 240 -9331
Telephone

**NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. 216(b)**

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party plaintiff in a lawsuit against **The Comprehensive Center Companies** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b). I hereby designate Pardalis & Nohavicka LLP to represent me in such a lawsuit.

Dated:  8/31/2016

Astoria, New York


_____

Signature


Hailin Tchou_____

Print Name


6902 Narrows Avenue, Apt 3A

Brooklyn, NY 11209_____

Address


917- 889-6592_____

Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

       I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC,** and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: _9/19/2016_

_____
Signature

___**Jaely Ricciardi**_____
Print

155 Henry Street, Apt. 404 New York, NY 10002
Address

646.610.0883
Telephone

**NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)**

**FAIR LABOR STANDARDS ACT CONSENT FORM**

       I consent to be a party Plaintiff in a lawsuit against **The Comprehensive Center, LLC**, and/or any necessary related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section §216(b).  I hereby designate **Pardalis & Nohavicka, LLP** to represent me in such a lawsuit.

Dated: 9/17/2016

_____
Signature

_Shiang Tien_
Print

_14480 Sanford Ave #4M Flushing, NY 11355_
Address

_646 407 7591_
Telephone